IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

    **Plaintiff,**

    v.                                      CASE NO. 21-3283-SAC

**(FNU) DIXON, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

    This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 8) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 10).

    In the Complaint, Plaintiff states that he was arrested on December 21, 2019, and booked into the Shawnee County Jail. He was held for 19 days, which Plaintiff alleges violates state statute. Plaintiff further complains that the charge against him in Case No. 2021-CR-2508 was coerced. Last, Plaintiff claims Shawnee County law enforcement officers at times wear different uniforms with different names so that they can dodge filings.

    The MOSC found that the Complaint failed to state an actionable claim for a number of reasons. First, Plaintiff's allegation that a state statute was violated states no claim under § 1983. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Second, the Court could not intervene in Plaintiff's pending state criminal matter under *Younger v. Harris,* 401 U.S. 37, 45 (1971). Last, Plaintiff's claim based on an officer allegedly wearing the wrong name tag or badge failed to assert

1

the violation of any constitutional right and failed to state a claim of a federal constitutional violation.

In apparent response to the MOSC, Plaintiff filed a Notice (Doc. 10). He first complains that the defendants have not made any Rule 26 disclosures or otherwise cooperated with discovery. However, the defendants have not been served because the case has not survived screening under 28 U.S.C. § 1915A(a).

Plaintiff then argues the defendants violated "the free-standing Emolument Clause" by using their offices for advantage and/or profit and violated their oaths of office. Further, he asserts that he stated claims that could be granted for "unlawful imprisonment, embracery, excessive force, coercion in its various forms, compulsory self-incrimination, along with infringement of the Constitution's Emolument Clause."

The Domestic Emoluments Clause of the Constitution only applies to the President of the United States, so the Court presumes Plaintiff is referring to the Foreign Emoluments Clause. The Foreign Emoluments Clause states that "no Person holding any Office or Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State." U.S. Const. art. I, § 9, cl. 8. By its terms, it only applies to certain federal officials, not the defendants who are local police officers.

Plaintiff's other asserted "claims" are completely unsupported by factual allegations. In addition, he does not address the deficiencies noted in the MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court finds that dismissal of this matter counts as a strike under the PLRA. Thus, if Plaintiff accumulates two more strikes, he will be unable to proceed in forma pauperis in future civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated March 17, 2022, in Topeka, Kansas.**

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**